# 1IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

**Central Division**

2002 APR -9 P 4: 01

U.S. DISTRICT COURT
DISTRICT OF MASS.

WILLIE FELICIANO )
         )
        Plaintiffs, )
         )
vs. )
         )
PRO CON, INC, JOHN DOE INC., )
NAIRN, LLC, AND SODEXHO, INC. )
         )
        Defendants. )

DOCKETED

Case No:

**02 - 40066**

## PLAINTIFF'S COMPLAINT AND JURY CLAIM

NOW COMES THE PLAINTIFF, Willie Feliciano, in the above-entitled action, by and through his undersigned counsel, Ellis Law Offices, and files his Complaint and Jury Claim against the defendants, Pro Con, Inc., John Doe, Inc., Nairn LLC, and Sodexho, Inc. as follows:

### JURISDICTION AND VENUE

1.    This Court has jurisdiction over the above captioned matter pursuant to 28 United States Code, §§ 1331 and 1332, in that there is complete diversity among the parties and the matter which is the subject matter of the instant complaint exceeds Seventy Five thousand and 00/100 ($75,000.00) exclusive of interest and costs. Furthermore, this civil action arises under the laws of the United States.

RECEIPT # 403721
AMOUNT $ 150.00
SUMMONS ISSUED  X
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED  X
BY DPTY. CLK. CAN
DATE 4/9/02

-1-



2.    Venue is proper in the District of Massachusetts 28 United States Code, §1391(a)(2) and §1391(b)(2).

## PARTIES

3.    The plaintiff, Willie Feliciano is an adult individual of legal age, presently residing at 21 Vernon Street, Apt 2,  in Worcester, Massachusetts.

4.    Upon information and belief, the defendant, Pro Con, Inc., is a duly formed corporation with a central address at 1359 Daniel Webster Highway, Hookset, New Hamphsire.

5.    Upon information and belief, the defendant, John Doe, Inc., is a duly formed corporation with an unknown address.

6.    Upon information and belief, the defendant, Nairn, LLC, is a duly formed limited liability company with a central address at 1359 Daniel Webster Highway, Hookset, New Hamphsire.

7.    Upon information and belief, the defendant, Sodexho, Inc., is a duly formed corporation with a central address at 9801 Washingtonian Boulevard, Gaithersberg, Maryland.

## FACTS

8.    At all times relevant hereto, the Plaintiff, Willie Feliciano was employed by Labor Ready, Inc.

9.    At all times relevant hereto, Labor Ready, Inc. was a duly formed corporation with a principal office located at 2156 Pacific Avenue, Tacoma, WA.

10.   At all times relevant hereto, the Plaintiff, Willie Feliciano was working on the construction site for the Courtyard at Marriott Hotel on Prescott Street in Worcester, Massachusetts.

11.   The Courtyard at Marriott Hotel is a Hotel that is owned and operated by the Defendant, Sodexho, Inc.

12.  At all times relevant hereto, the Plaintiff, Willie Feliciano was working on the property of the defendant, Nairn, LLC.

13.  At all relevant hereto, the Plaintiff, Willie Feliciano was working under the direction and control of the subcontractor, John Doe, Inc.

14.  At all times relevant hereto, the defendant, Pro Con, Inc., was the general contractor at the construction site of the Courtyard at Marriott Hotel.

15.  At all time relevant hereto, the Plaintiff, Willie Feliciano was working under the direction and control of the contractor Pro Con, Inc.

16.  On or about April 12, 1999, the Plaintiff, Willie Feliciano was working on construction site of the Courtyard Marriott Hotel, a Hotel that is run by Sodexho, Inc, The plaintiff was working on the site owned by the Defendant Nairn, LLC. The Plaintiff was under the control of the defendant contractor Pro Con, Inc., and the subcontractor John Doe, Inc.

## COUNT I:  FELICIANO V. JOHN DOE, INC.
## NEGLIGENCE

15.  The Plaintiff, Willie Feliciano  re-alleges all preceding paragraphs and makes them part of this Count by reference.

16.  On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

17.  Plaintiff, Willie Feliciano's  injuries were the direct and proximate result of the negligent conduct of the defendant, John Doe, Inc. as follows:

   a.  Defendant John Doe, Inc. negligently and carelessly failed to supervise the work of the

plaintiff, Willie Feliciano

b.   Defendant John Doe, Inc., failed to properly train and teach the Plaintiff Willie Feliciano about how to perform his duties on his platform.

c.   Defendant John Doe, Inc., failed to inform the Plaintiff, Willie Feliciano of any safety devices that Mr. Feliciano could have used to protect himself.

d.   Defendant John Doe Inc. maintained the premises  in a careless and negligent manner or was responsible for the service and repair of the premises.

e.   Defendant John Doe, Inc. failed to exercise reasonable care to correct the unsafe condition despite having notice, or in the exercise of due car, would have had notice that the premises was in an unsafe condition.

18.   As a direct and proximate result of the negligence of the Defendant John Doe, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be permanently and totally disabled from performing his usual duties, causing him to be unable to work, causing him permanent residual disability and to cause him to incur medical expenses in excess of

## COUNT II: FELICIANO V. JOHN DOE, INC.
## VIOLATION OF OSHA REGULATIONS SUB-PART 1926.501

19.   The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

20.   As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.501, to wit: "Each Employee engaged in residential construction activities 6 feet or more above levels shall be protected

by Guardrail Systems, Safety Net Systems, or Personal Fall Arrest Systems.."

21.   As a direct and proximate result of the negligence of the Defendant John Doe, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00.

## COUNT III:  FELICIANO V. JOHN DOE, INC.
## VIOLATION OF OSHA REGULATIONS SUB-PART 1926.502

22.   The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

23.   As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.502.   The defendant subcontractor, John Doe, Inc., failed to provide any midrail systems, mesh and screens, bullusters or other additional mid-rails or architectural panels so that no opening is larger than 19 inches wide.

24.   As a direct and proximate result of the negligence of the Defendant John Doe, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00.

## COUNT IV:  FELICIANO V. PRO CON, INC..
### NEGLIGENCE

25.   The Plaintiff, Willie Feliciano  re-alleges all preceding paragraphs and makes them part of this Count by reference.

26.   On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

27.   Plaintiff, Willie Feliciano's  injuries were the direct and proximate result of the negligent conduct of the defendant, Pro Con, Inc. as follows:

a.   Defendant Pro Con, Inc. negligently and carelessly failed to supervise the work of the plaintiff, Willie Feliciano

b.   Defendant Pro Con, Inc., failed to properly train and teach the Plaintiff Willie Feliciano about how to perform his duties on his platform.

c.   Defendant Pro Con, Inc., failed to inform the Plaintiff, Willie Feliciano of any safety devices that Mr. Feliciano could have used to protect himself.

d.   Defendant Pro Con, Inc. maintained the premises  in a careless and negligent manner or was responsible for the service and repair of the premises.

e.  Defendant Pro Con, Inc. failed to exercise reasonable care to correct the unsafe condition despite having notice that the premises was in an unsafe condition.

28.   As a direct and proximate result of the negligence of the Defendant Pro Con, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur

medical expenses in excess of $2,000.00

## COUNT V FELICIANO V. PRO CON, INC.
## NEGLIGENCE (VICARIOUS LIABILITY I)

29.  The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

30.  On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

31.  Plaintiff, Willie Feliciano's injuries were the direct and proximate result of the negligent conduct of the defendant, John Doe, Inc. as follows:

a.  Defendant John Doe, Inc. negligently and carelessly failed to supervise the work of the plaintiff, Willie Feliciano

b.  Defendant John Doe, Inc., failed to properly train and teach the Plaintiff Willie Feliciano about how to perform his duties on his platform.

c.  Defendant John Doe, Inc., failed to inform the Plaintiff, Willie Feliciano of any safety devices that Mr. Feliciano could have used to protect himself.

d.  Defendant John Doe Inc. maintained the premises in a careless and negligent manner or was responsible for the service and repair of the premises.

e.  Defendant John Doe, Inc. failed to exercise reasonable care to correct the unsafe condition despite having notice that the premises was in an unsafe condition.

32.  Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

33.    As a direct and proximate result of the negligence of the Defendant Pro Con, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

### COUNT VI FELICIANO V. PRO CON, INC.
### VIOLATION OF OSHA REGULATIONS SUB-PART 1926.501 (VICARIOUS LIABILITY II)

34.    The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

35.    On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

36.    As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.501, to wit: "Each Employee engaged in residential construction activities 6 feet or more above levels shall be protected by Guardrail Systems, Safety Net Systems, or Personal Fall Arrest Systems.."

37.    Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

38.    As a direct and proximate result of the negligence of the Defendant Pro Con, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT VII FELICIANO V. PRO CON, INC.
## VIOLATION OF OSHA REGULATIONS SUB-PART 1926.502 (VICARIOUS LIABILITY III)

39.     The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

40.     On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

41.     As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.502.   The defendant subcontractor, John Doe, Inc., failed to provide any midrail systems, mesh and screens, bullusters or other additional mid-rails or architectural panels so that no opening is larger than 19 inches wide.

42.     Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

43.     As a direct and proximate result of the negligence of the Defendant Pro Con, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT VIII FELICIANO V. PRO CON, INC.
## NEGLIGENT HIRING

44.     The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

45.   On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

46.   Plaintiff Willie Feliciano's injuries were directly and proximately caused by the negligence of the defendant Pro Con, Inc. in that:

a. an employee company of the defendant, Pro Con, Inc., by information and belief, named John Doe, Inc. negligently caused injury to the plaintiff, Willie Feliciano;

b.   the defendant, Pro Con, Inc. is responsible for the negligent hiring of its employee/independent contractor, and thus is responsible for the injuries suffered by the plaintiff, Willie Feliciano.

47.   As a direct and proximate result of the negligence of the Defendant Pro Con, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT IX:  FELICIANO V. NAIRN, LLC
## NEGLIGENCE

48.   The Plaintiff, Willie Feliciano  re-alleges all preceding paragraphs and makes them part of this Count by reference.

49.   On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

50.   The Defendant, Nairn, LLC was the owner of the land where the Plaintiff, Willie Feliciano suffered his injuries on or about April 12, 1999.

51.    Plaintiff, Willie Feliciano's injuries were the direct and proximate result of the negligent

conduct of the defendant, Nairn, LLC as follows:

a.    Defendant Nairn, LLC, failed to inform the Plaintiff, Willie Feliciano of any safety

devices that Mr. Feliciano could have used to protect himself.

b.    Defendant Nairn, LLC, maintained the premises in a careless and negligent manner or

was responsible for the service and repair of the premises.

c.    Defendant Nairn, LLC failed to exercise reasonable care to correct the unsafe condition

despite having notice that the premises was in an unsafe condition.

52.    As a direct and proximate result of the negligence of the Defendant Nairn, LLC, the Plaintiff,

Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of

mind and body, causing him to be disabled from performing his usual duties, causing him

to be unable to work, causing him residual disability and to cause him to incur medical

expenses in excess of $2,000.00

## COUNT X FELICIANO V. NAIRN, LLC
## NEGLIGENCE (VICARIOUS LIABILITY I)

53.    The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of

this Count by reference.

54.    On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the

Courtyard at Marriott Hotel and suffered severe and grave injuries.

55.    Plaintiff, Willie Feliciano's injuries were the direct and proximate result of the negligent

conduct of the defendant, John Doe, Inc. as follows:

a.    Defendant John Doe, Inc. negligently and carelessly failed to supervise the work of the

plaintiff, Willie Feliciano

b.  Defendant John Doe, Inc., failed to properly train and teach the Plaintiff Willie Feliciano about how to perform his duties on his platform.

c.  Defendant John Doe, Inc., failed to inform the Plaintiff, Willie Feliciano of any safety devices that Mr. Feliciano could have used to protect himself.

d.  Defendant John Doe Inc. maintained the premises  in a careless and negligent manner or was responsible for the service and repair of the premises.

e.  Defendant John Doe, Inc. failed to exercise reasonable care to correct the unsafe condition despite having notice that the premises was in an unsafe condition.

56.  Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John Doe, Inc.

57.  The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the sub-contractor, John Doe, Inc.

58.  As a direct and proximate result of the negligence of the Defendant, Nairn, LLC,, the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT XI FELICIANO V. NAIRN, LLC
## NEGLIGENCE (VICARIOUS LIABILITY II)

59.  The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

-12-

60.   On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

61.   Plaintiff, Willie Feliciano's injuries were the direct and proximate result of the negligent conduct of the defendant, John Doe, Inc. as follows:

a.   Defendant John Doe, Inc. negligently and carelessly failed to supervise the work of the plaintiff, Willie Feliciano

b.   Defendant John Doe, Inc., failed to properly train and teach the Plaintiff Willie Feliciano about how to perform his duties on his platform.

c.   Defendant John Doe, Inc., failed to inform the Plaintiff, Willie Feliciano of any safety devices that Mr. Feliciano could have used to protect himself.

d.   Defendant John Doe Inc. maintained the premises in a careless and negligent manner or was responsible for the service and repair of the premises.

e.   Defendant John Doe, Inc. failed to exercise reasonable care to correct the unsafe condition despite having notice that the premises was in an unsafe condition.

62.   Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John Doe, Inc.

63.   The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

64.   As a direct and proximate result of the negligence of the Defendant, Nairn, LLC,, the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur

medical expenses in excess of $2,000.00

## COUNT XII FELICIANO V. NAIRN, LLC
### VIOLATION OF OSHA REGULATIONS SUB-PART 1926.501 (VICARIOUS LIABILITY III)

65.    The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

66.    On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

67.    As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.501, to wit: "Each Employee engaged in residential construction activities 6 feet or more above levels shall be protected by Guardrail Systems, Safety Net Systems, or Personal Fall Arrest Systems.."

68.    Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

69.    The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the sub-contractor, John Doe, Inc.

70.    As a direct and proximate result of the negligence of the Defendant Pro Con, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT XIII FELICIANO V. NAIRN, LLC
## VIOLATION OF OSHA REGULATIONS SUB-PART 1926.501 (VICARIOUS LIABILITY IV)

71.     The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

72.     On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

73.     As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.501, to wit: "Each Employee engaged in residential construction activities 6 feet or more above levels shall be protected by Guardrail Systems, Safety Net Systems, or Personal Fall Arrest Systems.."

74.     Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

75.     The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

76.     As a direct and proximate result of the negligence of the Defendant Pro Con, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT XIV FELICIANO V. NAIRN, LLC
### VIOLATION OF OSHA REGULATIONS SUB-PART 1926.502 (VICARIOUS LIABILITY V)

77.     The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

78.     On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

79.     As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.502.   The defendant subcontractor, John Doe, Inc., failed to provide any midrail systems, mesh and screens, bullusters or other additional mid-rails or architectural panels so that no opening is larger than 19 inches wide.

80.     Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

81.     The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the sub-contractor, John Doe, Inc.

82.     As a direct and proximate result of the negligence of the Defendant Nairn, LLC, the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT XIV FELICIANO V. NAIRN, LLC
## VIOLATION OF OSHA REGULATIONS SUB-PART 1926.502 (VICARIOUS LIABILITY VI)

83.     The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

84.     On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

85.     As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.502.   The defendant subcontractor, John Doe, Inc., failed to provide any midrail systems, mesh and screens, bullusters or other additional mid-rails or architectural panels so that no opening is larger than 19 inches wide.

86.     Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

87.     The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

88.     As a direct and proximate result of the negligence of the Defendant Nairn, LLC, the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT XV FELICIANO V. NAIRN, LLC.
## NEGLIGENT HIRING (VICARIOUS LIABILITY VII)

89.    The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

90.    On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

91.    Plaintiff Willie Feliciano's injuries were directly and proximately caused by the negligence of the defendant Pro Con, Inc. in that:

a. an employee company of the defendant, Pro Con, Inc., by information and belief, named John Doe, Inc. negligently caused injury to the plaintiff, Willie Feliciano;

b.    the defendant, Pro Con, Inc. is responsible for the negligent hiring of its employee/independent contractor, and thus is responsible for the injuries suffered by the plaintiff, Willie Feliciano.

92.    The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

93.    As a direct and proximate result of the negligence of the Defendant Nairn, LLC, the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT XVI FELICIANO V. NAIRN, LLC.
## NEGLIGENT HIRING

94.     The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

95.     On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

96.     Plaintiff Willie Feliciano's injuries were directly and proximately caused by the negligence of the defendant Nairn, LLC in that:

        a. an employee company of the defendant, Nairn, LLC, by information and belief, named John Doe, Inc. negligently caused injury to the plaintiff, Willie Feliciano;

        b.   the defendant, Nairn, LLC is responsible for the negligent hiring of its employee/independent contractor, and thus is responsible for the injuries suffered by the plaintiff, Willie Feliciano.

97.     As a direct and proximate result of the negligence of the Defendant Nairn, LLC, the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00.

## COUNT XVII FELICIANO V. NAIRN, LLC.
## NEGLIGENT HIRING

98.     The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

-19-

99.   On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

100.  Plaintiff Willie Feliciano's injuries were directly and proximately caused by the negligence of the defendant Nairn, LLC in that:

a. an employee company of the defendant, Nairn, LLC, by information and belief, named Pro Con, Inc. negligently caused injury to the plaintiff, Willie Feliciano;

b.   the defendant, Nairn, LLC is responsible for the negligent hiring of its employee/independent contractor, and thus is responsible for the injuries suffered by the plaintiff, Willie Feliciano.

101.  As a direct and proximate result of the negligence of the Defendant Nairn, LLC, the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

### COUNT XVIII FELICIANO V. SODEXHO, INC.
### NEGLIGENCE (VICARIOUS LIABILITY I)

102.  The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

103.  On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

104.  Plaintiff, Willie Feliciano's injuries were the direct and proximate result of the negligent conduct of the defendant, John Doe, Inc. as follows:

-20-

a.   Defendant John Doe, Inc. negligently and carelessly failed to supervise the work of the plaintiff, Willie Feliciano

b.   Defendant John Doe, Inc., failed to properly train and teach the Plaintiff Willie Feliciano about how to perform his duties on his platform.

c.   Defendant John Doe, Inc., failed to inform the Plaintiff, Willie Feliciano of any safety devices that Mr. Feliciano could have used to protect himself.

d.   Defendant John Doe Inc. maintained the premises  in a careless and negligent manner or was responsible for the service and repair of the premises.

e.   Defendant John Doe, Inc. failed to exercise reasonable care to correct the unsafe condition despite having notice that the premises was in an unsafe condition.

105.   Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John Doe, Inc.

106.   The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the sub-contractor, John Doe, Inc.

107.   The Defendant, Sodexho, Inc., is an owner/licensor of the site, and it is responsible for the behavior and actions of the subcontractor, John Doe, Inc.

108.   As a direct and proximate result of the negligence of the Defendant, Sodexho, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

-21-

## COUNT XIX FELICIANO V. SODEXHO, INC.
## NEGLIGENCE (VICARIOUS LIABILITY II)

109.   The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

110.   On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

111.   Plaintiff, Willie Feliciano's injuries were the direct and proximate result of the negligent conduct of the defendant, John Doe, Inc. as follows:

a.   Defendant John Doe, Inc. negligently and carelessly failed to supervise the work of the plaintiff, Willie Feliciano

b.   Defendant John Doe, Inc., failed to properly train and teach the Plaintiff Willie Feliciano about how to perform his duties on his platform.

c.   Defendant John Doe, Inc., failed to inform the Plaintiff, Willie Feliciano of any safety devices that Mr. Feliciano could have used to protect himself.

d.   Defendant John Doe Inc. maintained the premises in a careless and negligent manner or was responsible for the service and repair of the premises.

e.   Defendant John Doe, Inc. failed to exercise reasonable care to correct the unsafe condition despite having notice that the premises was in an unsafe condition.

112.   Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John Doe, Inc.

113.   The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

-22-

114.    The Defendant, Sodexho, Inc., is an owner/licensor of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

115.    As a direct and proximate result of the negligence of the Defendant, Sodexho, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

### COUNT XX FELICIANO V. SODEXHO, INC.
### VIOLATION OF OSHA REGULATIONS SUB-PART 1926.501 (VICARIOUS LIABILITY III)

116.    The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

117.    On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

118.    As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.501, to wit: "Each Employee engaged in residential construction activities 6 feet or more above levels shall be protected by Guardrail Systems, Safety Net Systems, or Personal Fall Arrest Systems.."

119.    Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

120.    The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the sub-contractor, John Doe, Inc.

-23-

121.  The Defendant, Sodexho, Inc., is an owner/licensor of the site, and it is responsible for the behavior and actions of the subcontractor, John Doe, Inc.

122.  As a direct and proximate result of the negligence of the Defendant Sodexho, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00.

### COUNT XXI FELICIANO V. SODEXHO, INC.
### VIOLATION OF OSHA REGULATIONS SUB-PART 1926.501 (VICARIOUS LIABILITY IV)

123.  The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

124.  On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

125.  As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.501, to wit: "Each Employee engaged in residential construction activities 6 feet or more above levels shall be protected by Guardrail Systems, Safety Net Systems, or Personal Fall Arrest Systems.."

126.  Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

127.  The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

-24-

128. The Defendant, Sodexho, Inc., is an owner/licensor of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

129. As a direct and proximate result of the negligence of the Defendant Sodexho, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT XXII FELICIANO V. SODEXHO, INC.
### VIOLATION OF OSHA REGULATIONS SUB-PART 1926.502 (VICARIOUS LIABILITY V)

130. The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

131. On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

132. As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.502.   The defendant subcontractor, John Doe, Inc., failed to provide any midrail systems, mesh and screens, bullusters or other additional mid-rails or architectural panels so that no opening is larger than 19 inches wide.

133. Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

134. The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the sub-contractor, John Doe, Inc.

-25-

135. The Defendant, Sodexho, Inc., is an owner/licensor of the site, and it is responsible for the behavior and actions of the subcontractor, John Doe, Inc.

136. As a direct and proximate result of the negligence of the Defendant Sodexho, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

### COUNT XXIII FELICIANO V. SODEXHO, INC.
### VIOLATION OF OSHA REGULATIONS SUB-PART 1926.502 (VICARIOUS LIABILITY VI)

137. The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

138. On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

139. As the subcontractor in charge of the Plaintiff, Willie Feliciano, the Defendant, John Doe, Inc., violated OSHA Regulation Part 1926, Sub-Part M, 1926.502.   The defendant subcontractor, John Doe, Inc., failed to provide any midrail systems, mesh and screens, bullusters or other additional mid-rails or architectural panels so that no opening is larger than 19 inches wide.

140 Pro Con, Inc. was the general contractor of the site, and it is responsible for the behavior and the actions of the sub-contractor John, Doe, Inc.

141. The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

142.   The Defendant, Sodexho, Inc., is an owner/licensor of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

143.   As a direct and proximate result of the negligence of the Defendant Sodexho, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT XIV FELICIANO V. SODEXHO, INC.
## NEGLIGENT HIRING (VICARIOUS LIABILITY VII)

144.   The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

145.   On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

146.   Plaintiff Willie Feliciano's injuries were directly and proximately caused by the negligence of the defendant Pro Con, Inc. in that:

a. an employee company of the defendant, Pro Con, Inc., by information and belief, named John Doe, Inc. negligently caused injury to the plaintiff, Willie Feliciano;

b.   the defendant, Pro Con, Inc. is responsible for the negligent hiring of its employee/independent contractor, and thus is responsible for the injuries suffered by the plaintiff, Willie Feliciano.

147.   The Defendant, Nairn, LLC is the owner of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

148.   The Defendant, Sodexho, Inc., is an owner/licensor of the site, and it is responsible for the behavior and actions of the contractor, Pro Con, Inc.

149.   As a direct and proximate result of the negligence of the Defendant Sodexho, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT XXV FELICIANO V. SODEXHO
## NEGLIGENT HIRING

150.   The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

151.   On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

152.   Plaintiff Willie Feliciano's injuries were directly and proximately caused by the negligence of the defendant Sodexho, Inc. in that:

a. an employee company of the defendant, Sodexho, Inc., by information and belief, named John Doe, Inc. negligently caused injury to the plaintiff, Willie Feliciano;

b.   the defendant, Sodexho, Inc. is responsible for the negligent hiring of its employee/independent contractor, and thus is responsible for the injuries suffered by the plaintiff, Willie Feliciano.

153.   As a direct and proximate result of the negligence of the Defendant Sodexho, Inc., the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering

great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00.

## COUNT XXVI FELICIANO V. SODEXHO, INC.
### NEGLIGENT HIRING

154.   The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of this Count by reference.

155.   On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the Courtyard at Marriott Hotel and suffered severe and grave injuries.

156.   Plaintiff Willie Feliciano's injuries were directly and proximately caused by the negligence of the defendant Sodexho, Inc. in that:

a. an employee company of the defendant, Sodexho, Inc., by information and belief, named Pro Con, Inc. negligently caused injury to the plaintiff, Willie Feliciano;

b.   the defendant, Sodexho, Inc. is responsible for the negligent hiring of its employee/independent contractor, and thus is responsible for the injuries suffered by the plaintiff, Willie Feliciano.

157.   As a direct and proximate result of the negligence of the Defendant Sodexho, Inc. the Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering great pain of mind and body, causing him to be disabled from performing his usual duties, causing him to be unable to work, causing him residual disability and to cause him to incur medical expenses in excess of $2,000.00

## COUNT XXVII FELICIANO V. SODEXHO, INC.
## NEGLIGENT HIRING

158.   The plaintiff, Willie Feliciano re-alleges all preceding paragraphs and makes them part of

this Count by reference.

159.   On or about April 12, 1999, the Plaintiff, Willie Feliciano fell of the structure of the

Courtyard at Marriott Hotel and suffered severe and grave injuries.

160.   Plaintiff Willie Feliciano's injuries were directly and proximately caused by the negligence

of the defendant Sodexho, Inc. in that:

a.      an employee company of the defendant, Sodexho, Inc., by information and belief,

named Nairn, LLC negligently caused injury to the plaintiff, Willie Feliciano;

b.      The defendant, Nairn, LLC was responsible for the site when the plaintiff, Willie

Feliciano fell on, while the site was under construction.

c..     the defendant, Sodexho, Inc. is responsible for the negligent hiring of its

employee/independent contractor, and thus is responsible for the injuries suffered by

the plaintiff, Willie Feliciano.

161.   As a direct and proximate result of the negligence of the Defendant Sodexho, Inc. the

Plaintiff, Willie Feliciano, was caused to fall a great distance, and was injured, suffering

great pain of mind and body, causing him to be disabled from performing his usual duties,

causing him to be unable to work, causing him residual disability and to cause him to incur

medical expenses in excess of $2,000.00.

**WHEREFORE** the Plaintiff in the above entitled matter respectfully prays:

1. That this Honorable Court determine that Pro Con, Inc. is liable to the Plaintiff in the amount that this Honorable Court determines to be just and equitable, plus interest and costs.

2. That this Honorable Court determine that John Doe, Inc. is liable to the Plaintiff in the amount that this Honorable Court determines to be just and equitable, plus interest and costs.

3. That this Honorable Court determine that Nairn, LLC is liable to the Plaintiff in the amount that this Honorable Court determines to be just and equitable, plus interest and costs.

4. That this Honorable Court determine that Sodexho, Inc. is liable to the Plaintiff in the amount that this Honorable Court determines to be just and equitable, plus interest and costs.

5. Any relief this Honorable Court determines to be just and equitable.

## THE PLAINTIFF DEMANDS TRIAL BY JURY

Respectfully Submitted
The Plaintiff
By his attorneys


ELLIS LAW OFFICES


GEORGE N. ELLIS
BBO # 559058
33 Pleasant Street, Suite 2
Worcester, MA 01609
(508) 757-7451


LAW OFFICES OF
ANTHONY J. SICILIANO


ANTHONY J. SICILIANO
BBO # 555486
115 State Street, Suite 403
Springfield, MA 01103
(413) 731-8080


Dated: April 9, 2002

Jun-24-96 03:04P U S   DISTRICT COURT WORC   508 793-0554   P.02

JS 44
(Rev. 07/89)

## CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I (a) PLAINTIFFS

Willie Feliciano

### DEFENDANTS

Pro Con, Inc.
John Doe, Inc.
Nairn, LLC
Sodexno, Inc.

02 - 40066

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF **Worcester**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Anthony J. Siciliano   (413) 731-8080
115 State Street, Suite 403
P.O. Box 30302
Springfield, MA 01103-0302

ATTORNEYS (IF KNOWN)
Unknown

### II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☒2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

### IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violations of OSHEA Regulations Sub-part 1926, 501; Sub-part 1926, 502

### V. NATURE OF SUIT (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|

(Nature of suit checkbox grid — no boxes clearly marked except ☒ 360 Other Personal Injury under PERSONAL INJURY)

### VI. ORIGIN (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23
DEMAND $
Check YES only if demanded in complaint.
JURY DEMAND: ☒YES ☐NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
None
JUDGE _____   DOCKET NUMBER _____

DATE   4/9/02
SIGNATURE OF ATTORNEY OF RECORD   MDG

UNITED STATES DISTRICT COURT

04/09/2002 15:31 FAX 4107318280 CBS Anthony Siciliano PC   @002
Case 4:02-cv-40066-CBS   Document 1   Filed 04/09/02   Page 34 of 34
Jun-24-96 03:05P U S DISTRICT COURT WORC   508 793-0554   P.03

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1.   TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) __Willie Feliciano v. ProCon, Inc.__

2.   CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LIST ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1))

  ___   I.   160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT

  ___   II.   195, 368, 400, 440, 441-444, 540, 550, 625, 710, 720,730, 740, 790, 791, 820, 830, 840, 850, 890, 892-894, 895, 950.

  _X_   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

  ___   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

    V.   152, 153, 153.

3.   TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E))
  None

4.   HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT? __No__

5.   DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? __No__
  IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY? (SEE 28 USC 2403)

6.   IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284? __No__

7.   DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL SECTION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY)? (SEE LOCAL RULE 40.1(C)) YES ____ OR IN THE WESTERN SECTION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)? (SEE LOCAL RULE 40.1(D)) YES ____

8.   DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN SECTIONS OF THE DISTRICT? YES __Yes__
  (a)   IF YES, IN WHICH SECTION DOES THE PLAINTIFF RESIDE? __Central__

9.   IN WHICH SECTION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? __Central__

10.   IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE CENTRAL SECTION____ OR WESTERN SECTION_____

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ____ Anthony J. Siciliano

ADDRESS __115 State Street, Suite 403, Springfield, MA 01103__

TELEPHONE NO. __413-731-8080__

(COVER.SHT-08/90)